# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-73-FDW

| | |
|---|---|
| DAVID ELDON TALBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| | ) |
| JIM PLAYER, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A. On April 8, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5). Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff David Eldon Talbert is a pre-trial detainee currently incarcerated in the Henderson County Detention Center in Hendersonville, North Carolina. Plaintiff filed this action on March 18, 2016, pursuant to 42 U.S.C. § 1983, naming the following three Defendants, all identified as employees at the detention center: (1) Jim Player, identified as a captain at the detention center; (2) Neil McDonald, identified as a correctional officer at the detention center; and (3) Warren Bradley, identified as a sergeant at the detention center. Plaintiff purports to bring a First Amendment claim against Defendants based on his allegations that Defendants have prevented him from access to legal materials at the detention center that would allow him to file a

motion for appropriate relief ("MAR") in the state courts pursuant to N.C. GEN. STAT. § 15A-1411 et seq.[1]  (Doc. No. 1 at 11).  Plaintiff seeks injunctive relief.  (Id. at 13).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In Bounds v. Smith, the Supreme Court held that the right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons

---

[1] Plaintiff also appears to be claiming that Defendants' denial of his right to file an MAR violated his Eight Amendment rights and his Fourteenth Amendment due process rights.  (Id. at 11-12).

2

trained in the law." 430 U.S. 817, 828 (1977). The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353). As noted, Plaintiff purports to bring a First Amendment claim against Defendants based on his allegations that Defendants have prevented him from access to legal materials at the detention center that would allow him to file a motion for appropriate relief ("MAR") in the state courts pursuant to N.C. GEN. STAT. § 15A-1411 et seq.[2] The Court finds that this action survives initial review in that it is not clearly frivolous.[3]

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint survives initial review.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review. See 28 U.S.C. §§ 1915(e); 1915A.

---

[2] Plaintiff also appears to be claiming that Defendants' denial of his right to file an MAR violated his Eighth Amendment rights and his Fourteenth Amendment due process rights. (Id. at 11-12).

[3] A motion for appropriate relief under N.C. GEN. STAT. § 15A-1411 is typically filed after a state court conviction. Here, it is not clear from the Complaint whether Plaintiff is in the jail following a state court conviction and, thus, whether he has the right to seek redress through an MAR. Nevertheless, in an abundance of caution, the Court finds that the allegations survive frivolity review.

2. The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify Defendants in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendants.

Frank D. Whitney
Chief United States District Judge