# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-73-FDW

| | |
|---|---|
| DAVID ELDON TALBERT, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| JIM PLAYER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on a Motion to Dismiss by Defendants Warren Bradley, Neil McDonald, and Jim Player. (Doc. No. 11). Defendants are represented by Sean F. Perrin.

## I. BACKGROUND

Pro se Plaintiff David Eldon Talbert, who was previously detained as a pre-trial detainee in the Henderson County Detention Center in Hendersonville, North Carolina, filed this action on March 18, 2016, pursuant to 42 U.S.C. § 1983, naming the following three Defendants, all identified as employees at the detention center: (1) Jim Player, identified as a captain at the detention center; (2) Neil McDonald, identified as a correctional officer at the detention center; and (3) Warren Bradley, identified as a sergeant at the detention center. Plaintiff purports to bring a First Amendment claim against Defendants based on his allegations that Defendants prevented him from access to legal materials at the detention center that would allow him to file a motion for

1

appropriate relief ("MAR") in the state courts pursuant to N.C. GEN. STAT. § 15A-1411 et seq.[1] (Doc. No. 1 at 11).  Plaintiff seeks injunctive relief in the form of "a court ordering the Jail to allow me and other inmates our rights to the court's [sic] and be provided a way to copies and way to retain a copy for myself."  (Id. at 13; 14).  On July 19, 2016, this Court conducted a frivolity review, and found that the Complaint survived initial review.  (Doc. No. 9).

On September 15, 2016, Defendants filed the pending motion to dismiss.  (Doc. No. 11). Defendants move to dismiss based on their argument that Plaintiff has since been released from jail and his only claim—for injunctive relief—has therefore been rendered moot.  On September 21, 2016, this Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the motion to dismiss. Plaintiff has not responded to the motion to dismiss, and the time to do so has passed.

**II.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted.  A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim.  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993).  Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2).  To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a

---

[1] Plaintiff also appears to be claiming that Defendants' denial of his right to file an MAR violated his Eight Amendment rights and his Fourteenth Amendment due process rights.  (Id. at 11-12).

2

speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the Plaintiff. Priority Auto Grp., Inc. v. Ford Motor Credit Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

Defendants contend that this action is subject to dismissal because Plaintiff's release from jail has mooted his Complaint, in which he seeks injunctive relief only. The Court agrees. Courts have recognized that an inmate's request for injunctive relief due to allegedly unconstitutional prison conditions becomes moot if the prisoner subsequently transfers from the institution with the challenged condition. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner mooted claims for injunctive and declaratory relief regarding allegedly unconstitutional prison conditions); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that a prisoner's request for injunctive relief on an inadequacy of law library claim was rendered moot by his transfer to another facility); Murray v. Lappin, No. 5:07-cv6,

2008 WL 249167, at *2 (N.D. W. Va. Jan. 29, 2008) ("[b]ecause his complaint challenges the adequacy of the law library at Hazelton, the plaintiff's complaint, to the extent that he seeks injunctive relief, is moot because he no longer has a legally cognizable interest in the adequacy of the law library at Hazelton); Allen v. Murakami, No. 06-125, 2006 WL 2035630, at *2 (D. Haw. July 18, 2006) (dismissing claim for injunctive relief after the prisoner challenging the adequacy of the prison law library was released on parole from the prison). Because Defendants have shown that Plaintiff is no longer incarcerated at Henderson County Detention Center, his claim for injunctive relief has been mooted and this action will therefore be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action against Defendants is dismissed.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' Motion to Dismiss, (Doc. No. 11), is **GRANTED**, and Plaintiff's claim is dismissed without prejudice.

(2) The Clerk is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge